

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00262-CV

**IN THE MATTER OF R.C.**

From the 436th District Court, Bexar County, Texas
Trial Court No. 2018JUV01596
The Honorable Lisa Jarrett, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 28, 2019

ORDER VACATED; REMANDED

The State filed a motion for discretionary transfer in the juvenile court requesting that the juvenile court waive its exclusive jurisdiction over R.C., a child, and transfer him to criminal district court to be tried as an adult for the offense of capital murder. The juvenile court ordered the statutorily required social evaluation and investigation and set the motion for a hearing. Following the hearing, the juvenile court granted the motion, waived its exclusive jurisdiction, and transferred the case to criminal district court. This accelerated appeal followed. We vacate the juvenile court's order and remand this case to the juvenile court for proceedings consistent with this opinion.

**ANALYSIS**

In four issues, R.C. challenges the juvenile court's waiver of jurisdiction. Specifically, he contends the transfer order did not state case-specific findings to support the juvenile court's conclusions and grounds for transfer; the evidence from the transfer hearing is legally and factually insufficient to support the juvenile court's decision to waive jurisdiction; the juvenile court failed to properly apply the facts to the statutory considerations; and the juvenile court improperly allowed a lay witness to provide expert opinion testimony.

**Applicable Law and Standards of Review**

In *Moon v. State*, the Court of Criminal Appeals addressed the juvenile court's role in waiver of juvenile jurisdiction cases, advising that the transfer of a child to criminal court for prosecution as an adult should be the exception rather than the rule. *Moon v. State*, 451 S.W.3d 28, 36 (Tex. Crim. App. 2014). Whenever possible, children below a certain age should be rehabilitated and protected rather than be subject to the harshness of the adult criminal system. *Id*.

Section 54.02(a) of the Juvenile Justice Code[1] provides that the juvenile court may transfer a child to the criminal district court for criminal proceedings, thus waiving its exclusive original jurisdiction if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was ...14 years of age or older at the time [of the alleged] offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree[;] ... and

(3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

---

[1] The Juvenile Justice Code is contained in Title 3 of the Family Code.

TEX. FAM. CODE ANN. § 54.02(a). When determining the seriousness of the offense alleged or the background of the child pursuant to the third requirement, section 54.02(f) requires the juvenile court to consider the following non-exclusive factors:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) the sophistication and maturity of the child;

(3) the record and previous history of the child; and

(4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

*Id*. § 54.02(f).

As the petitioner seeking waiver of the juvenile court's jurisdiction, the State has the burden to produce evidence that persuades the juvenile court that waiving its otherwise-exclusive jurisdiction is appropriate in that particular case. *Moon*, 451 S.W.3d at 40. The State must persuade the juvenile court, by a preponderance of the evidence, that based on either the seriousness of the offense or the background of the child, or both, the welfare of the community requires the case be transferred for criminal proceedings. *Id*. at 40–41. When exercising its discretion to waive jurisdiction, the juvenile court must consider all four of the factors listed in section 54.02(f). *Id*. at 41. Although it makes its final determination from the evidence concerning the section 54.02(f) factors, the juvenile court is not required to find that each of the factors favors transfer before the juvenile court may exercise its discretion to waive jurisdiction. *Id*.

In *Moon*, the Court of Criminal Appeals elaborated upon the statutory requirement that, if the juvenile court waives jurisdiction, it must "state specifically" in its written order its reasons for waiver:

Section 54.02(h) obviously contemplates that both the juvenile court's reasons for waiving its jurisdiction and the findings of fact that undergird those reasons should

appear in the transfer order. In this way the Legislature has required that, in order to justify the broad discretion invested in the juvenile court, that court should take pains to "show its work," as it were, by spreading its deliberative process on the record, thereby providing a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable … .

*Id*. at 49 (internal citations omitted). The court emphasized that a reviewing court "should *not* be made to rummage through the record for facts that the juvenile court *might* have found, given the evidence developed at the transfer hearing, but did not include in its written transfer order." *Id*. at 50 (emphasis in original).

The court also clarified the standard of review when a juvenile court waives its exclusive jurisdiction pursuant to section 54.02. *Id*. at 47. When evaluating a juvenile court's decision to waive its jurisdiction, we first review the juvenile court's specific findings of fact regarding the section 54.02(f) factors under traditional sufficiency of the evidence review. *Id*. When addressing a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard the contrary evidence unless a reasonable fact finder could not reject that evidence. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.–Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28. If more than a scintilla of evidence supports the challenged finding, a legal sufficiency challenge fails. *Id*. When addressing a factual sufficiency challenge, we consider all of the presented evidence to determine whether the juvenile court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Id*. Our review of the sufficiency of the evidence supporting waiver is limited to the facts the juvenile court expressly relied on as set out in its written transfer order. *Moon*, 451 S.W.3d at 50.

We must also review the juvenile court's ultimate waiver decision under an abuse of discretion standard. *Id*. at 47. We must consider, in light of our analysis of the sufficiency of the evidence to support the statutory factors—and as limited by the express fact findings contained in

the written transfer order—whether the juvenile court acted without reference to guiding rules or principles. *Id*. at 47, 50.

## Discussion

### *Case-Specific Factual Findings*

In his first issue, R.C. contends the juvenile court's order waiving jurisdiction lacks the case-specific factual findings necessary to support transfer to the criminal district court. We agree.

In its transfer order, the juvenile court noted that it considered the matters mandated by section 54.02 and made the following findings:

1. [R.C.] is alleged to have committed [an] offense in violation of the penal laws of the State of Texas, NAMELY: CAPITAL MURDER, in that on or about the 12th day of NOVEMBER, A.D., 2018 in the County of Bexar and the State of Texas, [R.C.] … did then and there intentionally cause the death of an individual … hereinafter referred to as [the] Complainant, by SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM, and [R.C.] did then and there intentionally cause the death of [the] Complainant while in the course of committing and attempting to commit the offense of ROBBERY upon [the Complainant]; that said act on the part of [R.C.] is an offense against the State of Texas of the Grade of Felony, set out and defined as such in Section 19.03 of the Texas Penal Code.

2. [R.C.] was born on the 4th day of FEBRUARY, A.D., 2003; is SIXTEEN (16) years of age at the present time … .

3. [R.C.] was FOURTEEN (14) years of age or older but under SEVENTEEN (17) years of age at the time he is alleged to have committed the offense … .

4. The MOTHER of [R.C.] … resides [in] … BEXAR COUNTY … .

5. No adjudication hearing has been conducted to this point concerning the offense set forth above.

6. The Petitions and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of the Texas Family Code have been satisfied … .

7. Prior to the hearing, the Court ordered and obtained a psychological examination, complete diagnostic study, social evaluation, and full investigation of [R.C.], his circumstances, and the circumstances of the alleged offense.

8.  A full investigation and hearing of [R.C.], his circumstances, and the circumstances of the offense was conducted by this Court and the Court finds that there is probable cause to believe that [R.C.] committed the offense.

9.  This Order of Waiver of Jurisdiction and Discretionary Transfer to Criminal Court may be appealed. The right to appeal is immediate and will be expedited by both Court of Appeals, and Supreme Court, under Family [C]ode section 56.01 and the Texas Rules of Appellate Procedure.

The juvenile court's order appropriately sets out the first two requirements for discretionary waiver: the child allegedly committed a felony and the child was over the age of fourteen at the time of the alleged capital felony offense. *See* TEX. FAM. CODE § 54.02(a)(1), (2). However, the transfer order in this case includes no findings regarding the specifics of the capital murder, and the only statutory reason for transfer cited in the order is "probable cause to believe that [R.C.] committed the offense." Further, the juvenile court's order includes no findings regarding the seriousness of the alleged offense or the child's background. *See id.* § 54.02(a)(3) (requiring a finding of probable cause that the child committed the offense *and* "that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings").

Absent from the juvenile court's order are case-specific facts regarding the charged offense or R.C.'s role in the offense that would provide a reviewing court a basis for deference regarding the juvenile court's conclusion. Although the juvenile court's order recites that the court "ordered and obtained a psychological examination, complete diagnostic study, social evaluation, and full investigation of [R.C.], his circumstances, and the circumstances of the alleged offense[,]" the order lacks any indication how R.C.'s background, sophistication or maturity, or previous history supports transfer from the juvenile system. *Moon*, 451 S.W.3d at 48; TEX. FAM. CODE § 54.02(f)(2), (3). Additionally, the juvenile court's order does not address any prospects of adequate protection of the public or the likelihood of rehabilitation. TEX. FAM. CODE § 54.02(f)(4).

In short, the order in this case fails to provide the case-specific findings of fact necessary to permit a reviewing court to determine whether the juvenile court properly applied the statutory criteria as required under *Moon*. *Moon*, 451 S.W.3d at 49 (concluding that the statute requires more than "merely an adherence to printed forms" and instead requires a true delineation of reasons supporting the court's decision). Although the juvenile court's order indicates the court heard and considered evidence, the order contains no case-specific findings or recitations of that evidence showing the juvenile court's deliberative process from which we can determine that its decision was appropriately guided by the statutory criteria. *See id*.

The State cites evidence in the record that it contends supports the juvenile court's transfer determination, including evidence regarding the specifics of the offense and of R.C.'s background, as well as the juvenile's court ruling on the record. However, none of those details or the juvenile court's oral ruling were incorporated in the written order. The *Moon* court expressly rejected the State's argument in that appeal that the appellate court could simply review the record — irrespective of the fact findings set forth in the written order — to determine whether the evidence introduced at the transfer hearing supported the juvenile court's transfer determination. *See id*. at 48, 50 (although evidence in the record "painted a much more graphic picture of appellant's charged offense," the reviewing court is not required "to rummage through the record for facts that the juvenile court might have found … but did not include in its written transfer order"). We are presented with a similar situation here.

As instructed by *Moon*, before reaching the question of whether sufficient evidence supports transfer, we conclude the written order lacks the case-specific findings of fact necessary to support the juvenile court's reasons for waiving jurisdiction under *Moon*. *See id.* at 48–51. Further, given the absence of case-specific fact findings supporting transfer from the juvenile court's order in this case, *Moon* compels us to conclude the juvenile court abused its discretion in

waiving its jurisdiction, and we therefore sustain R.C.'s first issue. Accordingly, we need not reach R.C.'s remaining issues and take no position as to those issues. *See id*. at 51.

**CONCLUSION**

We vacate the juvenile court's transfer order and remand this case to the juvenile court for further proceedings consistent with this opinion.[2]

Irene Rios, Justice

---

[2] The case remains "pending in the juvenile court" where "at least one legislatively provided alternative would seem to be for the juvenile court to conduct a new transfer hearing and enter another order transferring the appellant to the jurisdiction of the criminal court, assuming that the State can satisfy the criteria under Section 54.02(j) of the Juvenile Justice Code," if applicable. *See Moon*, 451 S.W.3d at 52 n.90 (citing TEX. FAM. CODE § 54.02(j)).